**96-1585. State v. Ashburn.**
Hancock App. No. 5-96-11. This cause is pending before the court as an appeal from the Court of Appeals for Hancock County.

IT IS ORDERED by the court, *sua sponte*, that this cause be consolidated for purposes of oral argument with Supreme Court case No. 96-838, *Akron v. Kirby*.

**96-2067. State ex rel. Purdy v. Clermont Cty. Bd. of Elections.**
In Mandamus. This cause originated in this court on the filing of a complaint for a writ of mandamus regarding an expedited election matter. Upon consideration of relators' request for expedited oral argument,

IT IS ORDERED by the court that the request for expedited oral argument be, and hereby is, granted, and oral argument is set for October 8, 1996. Each side shall have fifteen minutes for oral argument.

## RECONSIDERATION DOCKET

**96-615. State v. Dicus.**
Hardin App. No. 6-95-12. The decline of jurisdiction in this discretionary appeal is reconsidered, *sua sponte*, and it is ordered by the court, *sua sponte*, that the appeal be allowed. The Clerk shall issue an order for the transmittal of the record from the Court of Appeals for Hardin County.

IT IS FURTHER ORDERED by the court, *sua sponte*, that this cause be consolidated with Supreme Court case No. 96-616, *State v. Dicus*, and held for the decision in Supreme Court case No. 96-838, *Akron v. Kirby*.

IT IS FURTHER ORDERED by the court that the briefing schedule be stayed.

**96-960. Smith v. Smith.**
Summit App. No. 17462. On October 1, 1996, appellant filed a document titled "Objection to entry, a demand not to dismiss, a demand to correct errors, and a demand that the Court accept jurisdiction." Appellant's document is, in substance, a motion for reconsideration that was untimely filed. Whereas S.Ct.Prac.R. XI(2)(C) prohibits the filing of a motion for reconsideration that is not timely,

IT IS ORDERED by the court, *sua sponte*, that the document be, and hereby is, stricken.

**96-1528. Smith v. Spicer.**
In Mandamus. On October 1, 1996, relator filed a document titled "Objection to entry, a demand to annul the judgment, objections to dismissal, a demand that this case not be dismissed and a demand that the judge uphold his oath of office." Relator's document is, in substance, a motion for reconsideration that was untimely filed. Whereas S.Ct.Prac.R. XI(2)(C) prohibits the filing of a motion for reconsideration that is not timely,

IT IS ORDERED by the court, *sua sponte*, that the document be, and hereby is, stricken.

**96-1834. Davis v. Davis.**
Montgomery App. No. CA 15628. Reported at 76 Ohio St.3d 1480, 669 N.E.2d 861.

IT IS ORDERED by the court that the motion for reconsideration of the dismissal of this appeal for want of prosecution be, and hereby is, denied.